**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000029**
**22-JAN-2021**
**08:25 AM**
**Dkt. 64 SO**

NO. CAAP-19-0000029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ERIC ALAN BARSHINGER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-17-03047)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Eric Alan Barshinger (**Barshinger**)

appeals from the Notice of Entry of Judgment and/or Order and

Plea/Judgment, filed on November 9, 2018 (**Judgment**),[1] and Notice

of Entry of Judgment and/or Order and Plea/Judgment (**Final

Judgment**), filed on May 2, 2019,[2] in the District Court of the

First Circuit, Honolulu Division (**District Court**).

---

[1]    The Honorable Sherri-Ann L. Iha presided.

[2]    The Honorable Ann S. Isobe presided.

Barshinger was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp 2019).[3]

Barshinger raises two points of error on appeal, contending that: (1) the District Court erred by refusing to continue trial so that Barshinger could obtain a transcript of a motion to suppress hearing held immediately prior to the start of trial; and (2) there was insufficient evidence to convict Barshinger of OVUII.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Barshinger's points of error as follows:

(1) The District Court commenced trial immediately after the pretrial hearing on motions, over Barshinger's objection. Barshinger requested a continuance to obtain a transcript for cross-examination of the same witnesses and offered to waive Hawaiʻi Rules of Penal Procedure Rule 48 and Barshinger's right to a speedy trial. The District Court stated:

---

[3] HRS § 291E-61(a)(1) provides:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

"This hearing was less than an hour long, and your memories are fresh right now. So we're gonna deny the request for continuance and start the trial."

In State v. Mundon, 121 Hawaiʻi 339, 357, 219 P.3d 1126, 1144 (2009), the supreme court stated: "[I]t is well-settled that a criminal defendant has a right to transcripts of prior proceedings." However, when a defendant is entitled to a written transcript of a prior proceeding, but does not show a specific need for the transcript for an effective defense, the court must evaluate "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought[;] and (2) the availability of alternative devices that would fulfill the same functions as transcripts." Id. (citation omitted). There is an innate value of transcripts for trial preparation and impeachment purposes, and a defendant need not show a need for the transcripts tailored to the facts of a particular case or identify specific examples of prejudice. Id.

Here, the State suggests freshness of the testimony in the mind of counsel was an adequate alternative to providing a written transcript, as ruled by the District Court. In Mundon, the defendant was provided with a CD of transcripts which he could only view on the first day at trial and only during breaks in the trial. Id. at 358, 219 P.3d at 1145. The Mundon court held: "Because [the defendant] was essentially 'provided the transcript for the first time at trial,' the electronic

transcripts were not an adequate alternative to the written transcripts[.]" Id. Therefore, the failure to provide the defendant with written transcripts was not harmless error. Id.

Requiring a defendant to rely solely upon memory is contrary to the right to a written transcript of prior proceedings in order to prepare for trial or to impeach a witness and it is not an adequate alternative to providing a written transcript, it is a refusal to provide any type of transcript. Here, Barshinger was denied his right to obtain a written transcript of a prior proceeding to aid in his cross-examination at trial and we cannot conclude that it was harmless error. Thus, the District Court abused its discretion by denying Barshinger's request for a continuance to obtain a transcript.

(2) Barshinger contends that the evidence at trial was insufficient to show that he was intoxicated to the point where his normal mental faculties or ability to care for himself and guard against casualty were impaired.

It is well-established that the evidence adduced at trial must be considered in the strongest light for the prosecution. State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007). "[E]ven if it could be said [] that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed." State v.

<u>Xiao</u>, 123 Hawaiʻi 251, 257, 231 P.3d 968, 974 (2010) (citation omitted).

Here, Honolulu Police Department (**HPD**) Corporal Ernest Chang (**Corporal Chang**) testified that he noticed a vehicle turning right from Kamakee Street onto Kapiolani Boulevard, which are public ways, roads, streets or highways, and "burned out" or audibly screeched its tires. While traveling at a high rate of speed on this surface street, the vehicle swerved to the left lane to go around another vehicle, without using any turn signals, then swerved to the right, and almost hit a curb, and then continued in the far right lane. The vehicle accelerated and pulled away from Corporal Chang who had begun to pace the vehicle. After the vehicle was stopped, Corporal Chang noticed a strong odor of an alcoholic beverage on Barshinger's breath while speaking with him and further noticed that Barshinger had red, glassy eyes.

HPD Officer Guy Yoshimoto (**Officer Yoshimoto**) testified that during a horizontal gaze nystagmus test, Barshinger swayed back and forth two to three inches and he could smell alcohol coming from Barshinger's breath. Barshinger came out of the starting position prior to the start of a walk-and-turn test. He also took eight steps instead of nine steps, took one turn instead of short steps during the turning portion of the test, missed all heel-to-toe steps by at least two inches during the nine steps back, and stepped off the line twice, all contrary to

the directions given to him. During a one-leg-stand test, Barshinger lifted his foot, swayed a little, and put his foot down four times, contrary to the directions given to him.

We conclude that, when the evidence adduced at trial is considered in the light strongest for the prosecution, there was substantial evidence to convict Barshinger of OVUII.

For these reasons, the District Court's November 9, 2018 Judgment and May 2, 2019 Final Judgment are vacated, and this case is remanded to the District Court for a new trial.

DATED: Honolulu, Hawaiʻi, January 22, 2021.

On the briefs:

Min Tsui,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge